**In re Daniel Wayne GOIN and Winette Jean Goin, Debtors.**

**Bankruptcy No. 92–00222–13.**

United States Bankruptcy Court, D. Idaho.

May 6, 1992.

Kenneth L. Anderson, Lewiston, Idaho, for debtors.

Stephen B. McCrea, Coeur d'Alene, Idaho, for Courtesy Rent–To–Own.

L.C. Spurgeon, trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The debtors' chapter 13 plan is before the Court for confirmation. A creditor, Courtesy Rent–To–Own, objects to confirmation because the debtors have not affirmed or rejected two leases with Courtesy. The debtors contend the leases are in fact agreements of sale and have been treated as such in the plan.

■ The two agreements between the debtors and Courtesy are each titled "lease agreement". The options "rent to own" or "rent only" are located on the top left of the agreement. The debtors checked the "rent to own" option when they executed the agreements. The agreements concern a freezer and a VCR.

Both agreements contain the same provisions. Both provide for monthly payments for 18 months. At the end of the lease period, the debtors become the owners of the property. The debtors may purchase the property before the end of the lease for 60% of the contract balance. The debtors may terminate the lease at any time prior to its ending and have no obligation to make further payments.

■ In *Arnold Machinery Company v. Trustee Services Corporation*[1]. A trustee argued the agreement between the debtor and creditor was a security agreement rather than a lease and was not properly perfected. A financing statement had been filed, but the opinion held the filing of a financing statement is not determinative as to whether a lease was intended to be a security agreement.[2] State law must be used to determine if a true lease or security agreement exists.[3] The opinion discussed the Idaho Supreme Court case of *Eimco Corporation v. Sims*[4] which held the intent of the parties as shown by the facts surrounding the agreement determines whether the agreement is a lease or a security agreement. The *Arnold* decision listed the following factors most often used in determining if a lease is a sales agreement:

1. The option price is nominal;

2. The lessee obtains equity in the property leased;

3. The lessee bears the risk of loss;

4. The lessee pays the tax, licensing and registration fees;

5. The lessor may accelerate payment;

6. · The property is purchased specifically for lease to the lessee;

7. The lease contains a disclaimer of warranties.

Under the agreements in the present case, the lessee bears the cost of the property being damaged or destroyed; a portion of each monthly payment is designated for the sales tax; if the lessees exercise the purchase option they receive coverage under the factory warranty; and upon full payment of the lease, the lessees become the owner of the property without an additional payment. Based on these findings, it is concluded the agreements are security agreements.

A separate order will be entered.

---

1. 86 I.B.C.R. 28.

2. *Id.*

3. *Id.* at 28–29.

4. 100 Idaho 390, 598 P.2d 538 (1979).