In re Kenneth D. MARITT and Andrea L. Maritt, f/k/a Andrea L. Bailey, Debtors.

Bankruptcy No. 93–00386–13.

United States Bankruptcy Court, D. Idaho.

April 5, 1993.

Richard L. Alban, Nampa, ID, for debtor.

Mark S. Freeman, Foley & Freeman, Meridian, ID, for creditor Franklin Equity Leasing Co.

Barry Zimmerman, Trustee.

## SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

The debtors' chapter 13 plan provides for payment for a 1991 GEO Prizm to Franklin Equity Leasing Company, Inc. ("Felco"), in the amount of $6,350.00.

Felco contends the vehicle was leased, not sold, to the debtors. Felco has filed a motion to compel the debtors to adopt or reject the lease under the provisions of 11 U.S.C. § 365. A hearing was held on March 30, 1993, to determine the merits of the Felco motion. The issue is whether the underlying agreement between the parties is a lease or a sales agreement.

In previous decisions,[1] this Court has followed the Idaho Supreme Court decision of *Eimco Corporation v. Sims*, 100 Idaho 390, 598 P.2d 538 (1979).

The *Eimco* case discusses when a lease agreement "is a security agreement under I.C. § 28-1-201(37)." 598 P.2d at 541. Citing *Whitworth v. Krueger*, 98 Idaho 65, 558 P.2d 1026 (1976), the opinion states:

[A]n option to purchase does not by itself make a lease a security agreement, but an agreement which provides that upon compliance with the terms of the lease, the lessee has the option to become the owner of the property for nominal consideration, makes the lease an agreement intended for security regardless of the intent of the parties.

598 P.2d at 541.

Seven factors are to be considered in determining whether an agreement is a lease or a sales agreement. They are:

1. Whether the option price is nominal;

2. Whether the lessee obtains equity in the property leased;

3. Whether the lessee bears the risk of loss;

4. Whether the lessee pays the tax, licensing and registration fee;

5. Whether the lessor may accelerate payment;

6. Whether the property is purchased specifically for lease to the lessee; and

7. Whether the lease contains a disclaimer of warranties.

*Goin, supra*, 141 B.R. at 731.

The debtors argue that, of the above listed factors, only the ability of the lessor to accelerate payment is not present in the instant case.

The creditor, Felco, contends other factors ought to be considered. Felco argues the lease is a "open end" lease in that the lessee has no responsibility to purchase the vehicle at the end of the lease and can simply walk away from the transaction and return the vehicle to the lessor. The debtors were given, by addendum at the time the lease was executed, an option entitled "fixed price purchase option" which allows them to purchase the vehicle at the end of the lease at 110% of the projected residual value. The projected residual value is $1,800.00. Felco contends this figure represents the projected actual wholesale value of the vehicle at the end of the lease term.

---

1. *In re Goin*, 141 B.R. 730 (Bankr.D.Idaho 1992); *Arnold Machinery Company v. Trustee Services Corporation, (In re Hodge Lumber & Wholesale, Inc.)*, 86 I.B.C.R. 28 (Bankr.D.Idaho 1986).

The lease agreement was executed in October of 1991. The term of the lease is 48 months.

It is concluded the transaction is a sale. The debtors presented evidence projecting a residual value of $4,000.00 at the end of the lease period, which would indicate the $1,800.00 purchase price is nominal. According to this evidence, the debtors thus hold an equity interest in the vehicle. The debtors bear the risk of loss to the vehicle under the agreement and pay the tax, licensing and registration fees. The property was purchased specifically from Lanny Berg Chevrolet for the purposes of leasing it to the debtors. The lease further contains a disclaimer of warranties.

Accordingly it is

ORDERED:

The Felco motion for assumption or rejection of the lease agreement is denied.